The plaintiff, United Technologies Corporation/Sikorsky Aircraft Division, of Stratford, has sued the defendant, Prostaff, Inc., an Ohio corporation, with its place of business CT Page 5723 in Alabama, for an alleged breach of contract.
This action arises out of a motor vehicle accident on August 31, 1987 in Bridgeport, involving a John Ciapetta and an S.D. Jeffries, an employee of the defendant, Prostaff, who was driving a truck owned by Ryder Truck Rental, Inc. (Ryder), which was leased to the plaintiff. Ciapetta sued both the driver and Ryder, and the plaintiff states that it is obliged to hold Ryder harmless in connection with any claims involving one of its trucks that had been leased to the plaintiff.
The plaintiff alleges that in turn its contract with the defendant requires Prostaff to indemnify and hold it harmless from any claim arising out of an accident involving one of defendant's drivers, while in the course of transporting plaintiff's goods and materials. The plaintiff claims that Prostaff refuses to comply with this provision of the contract.
Defendant filed a motion to dismiss for lack of subject matter jurisdiction (#103), which was granted on April 13, 1992, in the absence of plaintiff's counsel, who subsequently stated that it had been "agreed" that defendant's motion could be marked "off" on that date. After considering plaintiff's motion to reargue (#131), the court on May 11, 1992 vacated its original decision dismissing the action.
After restudying the motion to dismiss, it is denied on the basis that the contract between plaintiff and defendant, although negotiated and entered into in Alabama, was to be performed in part in Connecticut. The defendant's affiant summarizes this issue of performance by indicating that "the transportation provided for in the contract consists of transporting helicopter parts which were made in Alabama to Connecticut and transporting raw material back." Thus the drivers supplied by the defendant performed the contract in question by delivering material to Stratford and by picking up material in this state to take to Alabama. It follows, in my opinion, that this contract was intended to be and was performed in part in Connecticut.
General Statutes 33-411c(1), our so-called long-arm statute, provides that a foreign corporation, such as the defendant Prostaff, is subject to suit in this state for a cause of action arising out of a contract "to be performed in this state." As indicated previously, I believe that the contract between these parties was performed in this state when the defendant's drivers drove on the highways of Connecticut in furtherance of Prostaff's contract to supply drivers to the plaintiff to transport goods between Alabama and this state. Thus, the long-arm statute authorizes exercise of this court's jurisdiction under the facts of this case. CT Page 5724
It has long been recognized, when considering subjecting foreign corporations to the jurisdiction of this state, that in addition to reviewing the statutory basis as embodied in the long-arm statute, it is also necessary to determine whether traditional notions of fair play, as embodied in the due process clause of the 14th Amendment
to the United States Constitution, are offended by the exercise of this state's jurisdiction.
Our landmark case in this area is Lombard Brothers, Inc. v. General Asset Management Company, 190 Conn. 245, 250,460 A.2d 481 (1983), which holds that subjecting defendant Prostaff to the jurisdiction of our Connecticut courts involves whether the defendant had sufficient "minimum contacts" with this state. This in turn requires consideration of whether the defendant could with reasonable certainty, anticipate or expect that it would be subject to Connecticut's jurisdiction if its drivers had a motor vehicle accident in this state.
"The twin touchstones of due process analysis under the minimal contacts doctrine are foreseeability and fairness." United States Trust Co. v. Bohart, 197 Conn. 34, 41, 495 A.2d 1034
(1985). I think that Prostaff could reasonably anticipate being subject to this state's jurisdiction when it dispatched its drivers to go to and from Stratford pursuant to its contract with the plaintiff. As said in Hanson v. Denckla, 357 U.S. 235, 25, 78 S.Ct. 1228,2 L.Ed.2d 1283 (1958), the defendant "purposefully avail[ed] itself of the privilege of conducting activities within [Connecticut]," and therefore it is not unfair for the defendant to be subjected to the jurisdiction of this court.
Therefore, the defendant's motion to dismiss is denied.